THOMAS BROOKIN and others, heirs at law of BENJAMIN BROOKIN, deceased, plaintiffs in error, vs. JOSEPHINE BROOKIN, defendant in error.

The husband makes the following post-nuptial deed to his wife : " I hereby give, convey, and settle upon my wife, Josephine, the following negroes : " (naming them.) " I do further settle and convey, in manner and form aforesaid, upon my said wife, the house and lot upon which I now live, with two hundred acres of land, and all my household and kitchen furniture on said place, together with certain stock, with the *sole reservation* that I am to remain on said land during my lifetime, and enjoy jointly with my said wife said furniture and stock. And all and singular the aforesaid property to be and remain the sole and separate property of my said wife during her natural life, free from any debts, contracts, and liabilities of myself, or any future husband she may have ; and the same to be disposed of by will as she may see fit, or to change or re-invest, as she may see proper—the property so acquired to be subject to the conditions of this deed ; and if a trustee be necessary to carry out the purposes of this deed, my said wife to select the same, and said trustee may be considered as a party to this deed, and to exercise all powers necessary to effect my purposes." The husband died. His heirs at law, as remaindermen or reversioners, filed their bill suggesting waste of the property, and praying the aid of a Court of Equity to protect their ultimate interest in the property : *Held*, That the complainants had no interest whatever, either as remaindermen or reversioners, which could be protected by a Court of Chancery.

In Equity in Baldwin Superior Court.    Decision at Chambers by Judge HARRIS.    October, 1864.

The plaintiffs in error are the children of Benjamin Brookin, by a former marriage, and the defendant is his widow.

The children filed their bill, in Baldwin Superior Court, against the widow, asserting their title, in remainder, as heirs at law of their father, to three negroes, in which, as they alleged, the widow, under a certain deed from their father to her, had but a life estate, and praying for the writs of *Ne exeat* and Injunction, to the end that she might be compelled to give security for the forthcoming of the negroes at the termination of such life estate. The bill charged divers facts touching the conduct and purposes of the defendant, in relation to selling, concealing, and running off the propety, to the prejudice of complainants' rights, but which need not be here repeated, as no point was made upon their sufficiency. It also set forth a copy of the deed by which the alleged life estate in the defendant was created, which is as follows:

"State of Georgia, ) This indenture and marriage settle-
Baldwin County. ) ment, made and entered into this 5th day of May, in the year of our Lord, 1864, between Benjamin Brookin, of said State and county, of the one part, and my wife, Josephine Brookin, of the other part, witnesseth: That for and in consideration of the love and affection I have to my said wife, to whom I have been recently married, and in view of the care and devotion now shown me, and which I need at my advanced age, as well as for divers good causes and reasons me thereunto moving, and especially that my said wife, Josephine, may have a home and property for her support, free from molestation and any future contingencies; and, whereas, I am comparatively out of debt, and therefore free to act: now, for and in consideration of the premises, I do hereby give and convey unto, and settle upon my said wife, Josephine, one negro girl, named Mary, about ten years old; also, one negro boy, named Sam, in his eleventh year of age; also, a boy, named Augustus, in the eighth year of his age. I do further settle and convey, in manner and form

aforesaid, upon my said wife, the house and lot in which I now live, together with 200 acres of land adjoining thereto, to be selected by herself according to the greatest convenience of supporting herself; also, all the household and kitchen furniture on said place, two choice cows and calves, two choice sows and pigs, to be chosen by herself, one horse and buggy I now own, with this sole reservation, that I am to remain on said land during my life time, and enjoy, jointly with my said wife, the furniture and stock. And all and singular the aforesaid property to be and remain the sole and separate property of my said wife during her natural life, free from any debts, contracts, or liabilities of myself or any future husband she may have, and the same to be disposed of by will as she may see fit, or to change and re-invest as she may see proper—the property so acquired to be subject to the conditions of this deed; and if a trustee be necessary to carry out the purposes of this deed, my said wife to select the same, and said trustee may be considered a party to this deed, and to exercise all powers necessary to effect my purposes.

In witness whereof I hereto set my hand and seal, this 5th day of May, 1864.

BENJ. BROOKIN. [L. S.]

Signed, sealed and delivered before

L. H. BRISCOE.

GEO. D. CASE, J. I. C.

Benjamin Brookin, the donor, the bill alleges, died shortly after the execution of this instrument, and his widow, the donee, possessed herself of all the property therein mentioned.

The bill was verified by the oath of two of the complainants, on the 4th of October, 1864, and the same day was sanctioned by Judge Harris, who ordered an Injunction prohibiting the removal of the negroes from this State, and requiring the defendant to enter into bond, with security, for the forthcoming of the same at her death, to be delivered up to the complainants as remaindermen.

Two days subsequently, upon general demurrer to the bill, and by motion to dissolve the Injunction, the cause came to a hearing, by consent of parties, at Chambers, before the same Judge, and the Injunction was dissolved, the Court holding, that upon a proper construction of the deed above set forth, the complainants were without any such interest in the property as a Court of Equity could protect, in the life time of the defendant. This decision was brought before the Supreme Court for review; and the two questions discussed here were, first, whether the defendant took, under the deed, an absolute fee in the negroes; and, secondly, whether, if she did not, a Court of Equity could interfere, during her life, with any use, management, or disposition of them which she might see fit to adopt. The arguments of counsel treated the complainants as coming forward in the character of *reversioners*, which seems a more correct designation of the character in which they claim than that of *remaindermen*, as they are called in the record.

McKINLEY, for plaintiff in error.

BRISCOE, for defendant.

LUMPKIN, C. J.

Benjamin Brookin, somewhat advanced in life, married a woman much younger than himself, and, shortly after his marriage, made a settlement upon his wife, in terms of the deed set forth in the Reporter's statement of facts. The husband shortly thereafter died. His heirs at law have filed their bill, suggesting that the widow of their father is squandering the property mentioned in the deed of settlement, and asking the aid of a Court of Chancery to prevent this waste, and to take the necessary steps to secure this property, so as to have it forthcoming for them at the death of their step-mother, maintaining that she has only a life

estate in the property, and that then they take it as remaindermen or reversioners.

Is the right of the complainants well founded? This depends, of course, upon the proper construction of the instrument executed by Benjamin Brookin.

Under any interpretation of it, these parties have no *certain* interest in the property which would entitle them to interfere. It is conceded that Mrs. Brookin has an estate for life, with power of disposing of the property by will; and we think it quite clear that she is unrestricted as to the objects of her testamentary bond. She might will the property to entire strangers, and dying without will, are further of the opinion that these complainants have no right to the property.

The husband "gives, conveys, and settles" the property upon the wife "with this sole restriction," "that he is to remain on the land during his life time, and to enjoy, with her, the furniture and stock," and that is the whole of it. Where, then, is this reversion which the children set up a claim to? The deed goes on to recite, "That all and singular, the aforesaid property to be and remain the sole and separate property of the wife during her natural life, free from the debts, contracts, and liabilities of myself or any future husband she may have." That is, that during the present marriage of my wife with me, or any other that she may contract with another husband after my death, she is to have a separate estate during his life in said property; and then at her death, the power of disposing of it by will.

If Mrs. Brookin dies without disposing of the property by will, it goes to her heirs at law; but in no possible contingency can her husband's heirs set up any claim, because the father, through whom only they could claim, conveys away the property, with the sole reservation, that he be permitted to enjoy the joint use with her in the stock and household furniture.

Let the judgment of the Court below be affirmed.